1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Frank Silva,                          )   No. CV-12-1421-PHX-DGC (DKD)
                                          )
10                  Petitioner,            )
                                          )
11  vs.                                   )   **REPORT AND RECOMMENDATION**
                                          )
12  Charles L. Ryan, et al.,              )
                                          )
13                  Respondents.          )
                                          )
14  _____)

15  TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

16          Frank Silva filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

17  on July 2, 2012, challenging his 1982 convictions in Maricopa County Superior Court for

18  forty felony offenses, involving fourteen victims, and the trial court's imposition of both

19  concurrent and consecutive prison terms totaling more than 200 years.  He raises three

20  grounds for habeas relief related to the imposition of consecutive sentences.  Respondents

21  argue that the petition is untimely, and he is not entitled to statutory or equitable tolling.  In

22  addition, Respondents argue that the claims are unexhausted and without merit.  The Court

23  agrees that Silva's petition is untimely filed, and that he is not entitled to any tolling.  It

24  recommends that the petition be denied and dismissed with prejudice.

25                               **BACKGROUND**

26      In 1985, the Arizona State Court of Appeals affirmed Silva's convictions and

27  sentences in a memorandum decision (Doc. 11, Appendix A).  The court of appeals issued

28  its Order and Mandate on July 23, 1986 (*Id*., Appendix B).  On August 26, 1988, Silva filed

1   a "Petition for Writ of Habeas Corpus" in state court; the trial court dismissed the petition

2   without prejudice on September 9, 1998, treating it as a Rule 32 Petition and finding that it

3   was not filed on an appropriate form and did not contain the required information (*Id*.,

4   Appendix D, E).  On February 28, 2008, Silva filed a Notice of Post-Conviction Relief, and

5   a "Supporting Facts and Authorities to First Petition for PCR" on April 3, 2008 (*Id*.,

6   Appendix F, G).  On April 11, 2008, the trial court appointed post-conviction counsel (*Id*.,

7   Appendix H).  On April 28, 2008, Silva filed a *pro per* Petition for Post-Conviction Relief,

8   which the trial court forwarded to appointed counsel (*Id*., Appendix I, J).  On February 13,

9   2009, appointed counsel filed a Notice of Completion of Post-Conviction Review, and

10  informed the trial court that he had completed review of the record and found no additional

11  authority to support Silva's *pro per* claims for relief (*Id*., Appendix K).  The state filed a

12  response on July 28, 2009; Silva filed a reply on August 9, 2009 (*Id*., Appendix M, N).  On

13  January 11, 2010, the trial court dismissed Silva's Petition for Post-Conviction Relief (*Id*.,

14  Appendix O).[1]  The court of appeals denied review on July 8, 2011; the supreme court denied

15  review on December 7, 2011 (*Id*., Appendix P).  On July 2, 2012, Silva filed his federal

16  petition (Doc. 6).

17                                    **DISCUSSION**

18       A state prisoner seeking federal habeas relief from a state court conviction is required

19  to file the petition within one year of "the date on which the judgment became final by the

20  conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

21  § 2244(d)(1)(A).  State prisoners whose convictions became final before the AEDPA

22  effective date of April 24, 1996, had a one-year grace period in which to file their petitions.

23  *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).  Thus, any such petitions had to

24  be filed by April 24, 1997. *Id.*  The period of limitations is statutorily tolled during the time

25

26       [1]Silva was convicted before the 1992 amendments to Rule 32 of the Arizona  Rules
    of Criminal Procedure, which imposed time limits for filing petitions for post-conviction
27  relief.  Thus, the trial court addressed the merits of Silva's 2008 Rule 32 petition.

28

1  in which a "properly filed application for State post-conviction or other collateral review

2  with respect to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. §

3  2244(d)(2).  In Arizona, post-conviction review is pending once a *notice* of post-conviction

4  relief is filed even though the petition is not filed until later.  *Isley v. Arizona Department of*

5  *Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004).  An application for post-conviction relief

6  is also pending during the intervals between a lower court decision and a review by a higher

7  court.  *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey v. Saffold*, 536

8  U.S. 214, 223 (2002)).  However, the time between a first and second application for post-

9  conviction relief is not tolled because no application is "pending" during that period.  *Biggs*,

10  339 F.3d at 1048.  Moreover, filing a new petition for post-conviction relief does not revive

11  a limitations period that expired before the new petition was filed.  *See Ferguson v.*

12  *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

13        Because Silva's convictions became final before the passage of the AEDPA, his one-

14  year period of limitations began to run on April 25, 1996.  He was required to file his federal

15  petition on or before April 24, 1997.  *Patterson*, 251 F.3d at 545.  Absent any statutory or

16  equitable tolling, his federal petition, filed 15 years after the expiration of the one-year period

17  of limitations, is untimely filed.  The Court has determined that he is not entitled to any

18  statutory tolling for the time period between the dismissal of his 1988 petition and the filing

19  of his 2008 petition, because no application was "pending" during that period.  *Biggs*, 339

20  F.3d at 1048.  Post-conviction review is not "pending" until a *notice* of post-conviction relief

21  is filed.  *Isley*, 383 F.3d at 1056.  Although Silva's 2008 Rule 32 petition was not deemed

22  untimely because he was convicted prior to imposition of the time limitations, it was still

23  filed more than 10 years *after* the expiration of the one-year period of limitations, and

24  therefore, could not revive it.  *Ferguson v. Palmateer*, 321 F.3d at 823.

25        Silva is entitled to equitable tolling only if he establishes that he has been pursuing

26  his rights diligently and some extraordinary circumstances prevented him from filing a timely

27  petition.  *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).  Silva filed nothing in state court

28

1   for 20 years, and has not indicated why he waited that length of time to file his Rule 32

2   petition.  He merely asserts without explanation that "constitutional IAC and law library

3   defects impeded his discovery of the rights and the relevancy of their supporting facts" (Doc.

4   17 at 15).  His assertion is belied by the record.  He filed a *pro per* Notice of Post-Conviction

5   Relief in 1988, along with a 25-page supporting memorandum with exhibits.  He also

6   subsequently filed a *pro per* Petition for Post-Conviction Relief.  In 1988 he demonstrated

7   a knowledge of the criminal justice system, his legal rights under that system, and some

8   proficiency in drafting legal documents.  In addition, both his habeas petition and his reply

9   indicate an understanding of the legal claims he is raising and of the appropriate case law,

10   also demonstrating his capability to draft and file legal documents.  He is not entitled to

11   equitable tolling.

12         **IT IS THEREFORE RECOMMENDED** that Frank Silva's Petition for Writ of

13   Habeas Corpus be denied and dismissed with prejudice (Doc. 1).

14         **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

15   to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is

16   justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

17         This recommendation is not an order that is immediately appealable to the Ninth

18   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

20   parties shall have fourteen days from the date of service of a copy of this recommendation

21   within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);

22   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

23   days within which to file a response to the objections.  Failure timely to file objections to the

24   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

25   and Recommendation by the district court without further review.  *See United States v.*

26   *Reyna-Tapia*, 328 F.3d 1114, 1121 (9ᵗʰ Cir. 2003).  Failure timely to file objections to any

27   factual determinations of the Magistrate Judge will be considered a waiver of a party's right

28                                          - 4 -

1  to appellate review of the findings of fact in an order or judgment entered pursuant to the

2  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure

3         DATED this 2nd day of October, 2013.

_____
David K. Duncan
United States Magistrate Judge