**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Silva, | No. CV-12-01421-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Frank Silva filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his sentence.  Doc. 1.  The petition was referred to Magistrate Judge Duncan, who issued a report and recommendation ("R&R") in which he recommends that the Court dismiss the petition as untimely.  Doc. 20.  Petitioner has submitted objections to the R&R.  Doc. 23.  For the reasons that follow, the Court will adopt the R&R and dismiss the petition with prejudice.

**I.      Background.**

In 1982, following a two-month jury trial in Maricopa County Superior Court, Petitioner was convicted on forty felony counts of sexual assault on fourteen victims.  He was sentenced to more than 200 years in prison.  Doc. 20 at 1.  Petitioner's conviction and sentences were upheld by the Arizona Court of Appeals in 1986, and a Rule 32 petition filed in 1988 was dismissed without prejudice on September 9, 1988.  *Id.* at 2.  Petitioner filed a second petition for post-conviction relief in April 2008, which was dismissed on January 11, 2010, after the appointment of post-conviction counsel and

1  briefing.  *Id.*  The Court of Appeals denied review on July 8, 2011, and the Arizona

2  Supreme Court denied review on December 7, 2011.  *Id.*  This petition was filed on

3  July 2, 2012.  *Id.*

4  Judge Duncan found that the petition is subject to the Antiterrorism and Effective

5  Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which provides a one-year

6  statute of limitations for section 2254 petitions filed by state prisoners.  Doc. 20 at 2.

7  State prisoners with convictions that became final before the AEDPA's effective date of

8  April 24, 1996, were allowed a one-year grace period to file their petitions.  *Id.*; *see*

9  *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).  Accordingly, Judge Duncan

10  concluded that Petitioner was required to file any petition by April 24, 1997.  Doc. 20 at

11  2.  Judge Duncan also concluded that the limitations period was not tolled, making the

12  petition untimely, and recommended the petition be dismissed with prejudice.  *Id.* at 3-4.

13  Judge Duncan further recommended that the Court deny a certificate of appealability.  *Id.*

14  at 4.

15  Petitioner contends that Judge Duncan "overlooked" evidence and exhibits that

16  were relevant to the statute of limitations issue.  Doc. 23 at 2.  Petitioner further contends

17  that the R&R is "confused," and that it "has no support in the record."  *Id.* at 3-4.

18  **II.    Analysis.**

19  The Court must undertake a *de novo* review of those portions of the R&R to which

20  specific objections are made.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court

21  may accept, reject, or modify, in whole or in part, the findings or recommendations made

22  by the magistrate judge.  *See* 28 U.S.C. § 636(b)(1).

23  Petitioner's objections to the R&R appear to challenge Judge Duncan's findings

24  on statutory and equitable tolling of the statute of limitations.  Doc. 23 at 6.  He argues

25  that Judge Duncan "overlooked all the uncontested due diligence and CONST. (sic)

26  impediment facts/evidence and exhibits," (doc. 23 at 2), and that he did not consider

27  Petitioner's other claims as a result (*id.*).  Petitioner also objects to Judge Duncan's

28  recommendation that the Court deny a certificate of appealability.  *Id.* at 21.  The Court

1    finds neither equitable nor statutory tolling appropriate in this case, and agrees that a

2    certificate of appealability should be denied.

3        **A.    Equitable Tolling.**

4        The Supreme Court has held that a petitioner "is 'entitled to equitable tolling' only

5    if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

6    extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v.*

7    *Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

8    (2005)).  An extraordinary circumstance is one that is "beyond a prisoner's control," that

9    "make[s] it impossible to file a petition on time."  *Miles v. Prunty*, 187 F.3d 1104, 1107

10   (9th Cir. 1999).  To justify equitable tolling, an extraordinary circumstance must be

11   attributable to "external forces [] rather than a petitioner's lack of diligence[.]"  *Id.*

12       Petitioner contends that the "A.D.O.C. law library did not update the fed. (sic)

13   habeas code and that they did not place the then new SOL AEDPA code in the law

14   libraries until 8-2-97, long after the 4-24-97 grace period had expired[.]"  Doc. 23 at 10.

15   The Court need not decide this issue because the Court finds that Petitioner has not been

16   pursuing his rights diligently.  Petitioner filed no court documents between September

17   1988 and April 2008.  In an attempt to show diligence, Petitioner recounts legal advice he

18   received, legal courses he took, and research he conducted between 1982 and 1993, but

19   he does not explain what steps he took between 1993 and 2008 to pursue his rights.  *Id.* at

20   7-10.  Fifteen years without court filings cannot be characterized as diligence.  The Court

21   concludes that Petitioner has not diligently pursued his rights and therefore is not entitled

22   to equitable tolling of the AEDPA's limitation period.  *See Holland*, 130 S. Ct. at 2562.

23       **B.    Statutory Tolling.**

24       To the extent Petitioner also contends that the limitations period was statutorily

25   tolled in this case, Petitioner is incorrect.  The AEDPA's limitation period is tolled while

26   "a properly filed application for State post-conviction or other collateral review with

27   respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2).  The

28   Ninth Circuit has construed the term "pending" broadly, holding that the AEDPA's

limitation period is statutorily "tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction [petition].'" *Nino v. Galaza*, 183 F.3d 1003, 1005-06 (9th Cir. 1999) (internal citation omitted); *see Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003). A petitioner, however, "is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).

Petitioner contends that because his most recent state petition was filed in 2008 and was pending until the Arizona Supreme Court denied relief in 2011, the limitation period was tolled pursuant to section 2244(d)(2) until that time. Doc. 23 at 16. This argument is incorrect. Petitioner had no application for state post-conviction relief pending between 1988 and 2008, during which time the AEDPA's one-year grace period came and went. *See Patterson*, 251 F.3d at 1245. The Ninth Circuit has held that "section 2244(d) does not permit the reinitiation of [a] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, Petitioner's 2008 petition does not alter the calculation of section 2244's limitation period.

Petitioner also argues that "his 1997 grace period was statutorily extended until Jan. 2009, pursuant to 28 U.S.C. 2244(d)(1)(B)(D) (sic)." *Id.* at 6. The cited portions of section 2244(d)(1)(B) and (D) provide that a one-year limitation period applies to the application for a writ of habeas corpus by a state prisoner and that the limitation period runs from the later of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner has not presented facts showing the applicability of these statutory provisions, nor any facts that would support the extension of the limitation

- 4 -

1   period past April 24, 1997 on other grounds.  The Court accordingly finds that the

2   AEDPA's limitation period was not statutorily tolled and that the petition is untimely.

3          **C.     Certificate of Appealability.**

4          A certificate of appealability can be issued only if petitioner has "made a

5   substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

6   Where the district court's dismissal is based on procedure, a substantial showing requires

7   that "jurists of reason would find it debatable whether the district court was correct in its

8   procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain

9   procedural bar is present and the district court is correct to invoke it to dispose of the

10  case, a reasonable jurist could not conclude either that the district court erred in

11  dismissing the petition or that the petitioner should be allowed to proceed further.  In

12  such a circumstance, no appeal would be warranted."  *Id.*

13         The petition was filed long after the expiration of the applicable limitations period,

14  a fact with which reasonable jurists could not disagree.  The certificate of appealability

15  will therefore be denied.

16         **IT IS ORDERED:**

17         1.     Magistrate Judge Duncan's R&R (Doc. 20) is **accepted**.

18         2.     The petition for writ of habeas corpus (Doc. 1) is **dismissed** with prejudice.

19         3.     A certificate of appealability is **denied**.

20         4.     The Clerk shall **terminate** this action.

21         Dated this 21st day of November, 2013.

22

23

24         _____

25                         David G. Campbell
                         **United States District Judge**

26

27

28

- 5 -